**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WILBERT J. MARCEAU,
        Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
        Agency.

DOCKET NUMBER
SF-0752-16-0215-I-1

DATE: November 17, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William Edelblute</u>, Esquire, Kennewick, Washington, for the appellant.

<u>Anna Roe</u>, Esquire, Portland, Oregon, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant served as an irrigation system manager with the agency's Bureau of Indian Affairs (BIA), and was required to regularly operate a Government owned vehicle (GOV) as part of his job duties. Initial Appeal File (IAF), Tab 8 at 16, 67-72. The appellant was arrested for driving under the influence on January 29, 2015, and subsequently pled guilty to negligent driving in the first degree on March 6, 2015. *Id*. at 35-37, 41-42. The agency suspended the appellant's driving privileges of a GOV following his arrest, and it temporarily detailed him to an alternative position. *Id*. at 43-44. Following his guilty plea, the agency reevaluated the appellant's driving eligibility and determined that he was ineligible to operate a GOV under the agency's motor vehicle operation policy because he was "convicted of a criminal offense related to a traffic incident involving alcohol or drugs, including but not limited to vehicular homicide, vehicular manslaughter, or endangerment." *Id*. at 38-39, 62.

¶3 The agency proposed the appellant's removal on one charge of failure to maintain a requirement of his position. *Id*. at 28-34. The appellant submitted a written reply, and the deciding official issued a decision letter sustaining the charge and finding the appellant's removal reasonable. *Id*. at 17-22, 25-27. The appellant thereafter filed an initial appeal raising due process and harmful error affirmative defenses concerning the manner in which the agency revoked his

driving privileges. IAF, Tab 30.[2] The administrative judge held a hearing at the appellant's request and issued an initial decision sustaining his removal, finding that the agency proved its charge, nexus, and that the penalty of removal was reasonable. IAF, Tab 45, Initial Decision (ID) at 5-8, 12-18. The administrative judge rejected the appellant's due process and harmful error affirmative defenses insofar as he challenged the agency's terminating his driving privileges, and she found that he received adequate notice of the charge against him and an opportunity to reply, and that he failed to establish harmful procedural error as to the removal action. ID at 10-12.

¶4    The appellant has filed a petition for review arguing that his guilty plea to a charge of negligent driving in the first degree should not have terminated his driving privileges because it was not as serious as the other offenses listed in the agency's policy requiring the immediate termination of driving privileges. Petition for Review (PFR) File, Tab 1 at 4-5. The appellant also argues he did not have to operate a GOV in order to perform the essential duties of his position, and that the agency therefore cannot establish nexus, and he asserts he was subjected to a harsher penalty as compared to other employees who also lost their driving privileges. *Id*. at 6-7. The agency has filed a response in opposition to the petition for review. PFR File, Tab 5.

¶5    We agree with the administrative judge that the agency proved its charge that the appellant failed to maintain a requirement of his position. The appellant's position description provides that he was responsible for overseeing the "equitable water delivery to 800 to 1033 water users on 43,000 to 51,000 acres," and that he was "[r]equired to operate a government owned or leased motor vehicle on official business." IAF, Tab 8 at 69, 71. As a supervisor, the appellant was also responsible for overseeing the delivery of water, as well as

---

[2] As explained below, although the appellant also asserted a discrimination affirmative defense, he withdrew that defense prior to the completion of the hearing. *See infra* at n.5.

construction and maintenance activities within one of three geographic districts, and he supervised a team of employees working in the field, which required him to travel the district on a regular basis. *Id*. at 70-71; *see* ID at 2 (citing hearing testimony).

¶6 Pursuant to the agency's motor vehicle operation policy, the driving privileges of employees who hold positions requiring the operation of a GOV will be terminated immediately upon their arrest or conviction for certain criminal offenses. IAF, Tab 8 at 57, 62. Among the grounds for immediate termination are being "arrested for, charged with, or convicted of a criminal offense related to a traffic incident involving alcohol or drugs, including but not limited to vehicular homicide, vehicular manslaughter, or endangerment." *Id*. at 62. Here, the appellant pled guilty to negligent driving in the first degree, which under Washington state law is defined as operating "a motor vehicle in a manner that is both negligent and endangers or is likely to endanger any person or property, [by a person who] exhibits the effects of having consumed liquor or marijuana[.]" Wash. Rev. Code § 46.61.5249(a)(1) (2013).

¶7 We concur with the administrative judge that the appellant's plea of guilty to negligent driving in the first degree qualifies as a criminal offense related to a traffic incident involving alcohol under the agency's policy, and that the agency properly relied upon his guilty plea in revoking his driving privileges. ID at 5-8. We disagree with the appellant's argument that negligent driving in the first degree is a less serious offense than those specifically listed in the agency's policy, namely "vehicular homicide, vehicular manslaughter, or endangerment." IAF, Tab 8 at 62. The agency's policy makes clear that an employee's driving privileges will be terminated if he is "convicted of a criminal offense related to a traffic incident involving alcohol or drugs," and the examples listed are preceded by the caveat that they "includ[e] but [are] not limited to" certain offenses. *Id*. Negligent driving in the first degree under Washington law, moreover, involves operating "a motor vehicle in a manner that is both negligent and

endangers . . . any person or property." Wash. Rev. Code § 46.61.5249(a)(1). We thus find that his guilty plea to negligent driving in the first degree falls within the explicit reference to a criminal offense related to a traffic incident involving endangerment, and that the agency proved its charge by preponderant evidence.[3] IAF, Tab 8 at 62; ID at 6‑8.

¶8 The Board has previously found that an adverse action based on an employee's failure to maintain a requirement of his position, such as a license or certification, promotes the efficiency of the service, and we find no reason to depart from this principle in this case. *See Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 11 (2010); *Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 19 (2007), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008). Additionally, the agency's temporary accommodation of the appellant's inability to operate a GOV neither requires the agency to continue that accommodation nor precludes it from taking an adverse action based on the appellant's failure to maintain a requirement of his position. *See Benally v. Department of the Interior*, 71 M.S.P.R. 537, 540 (1996). We find the appellant's argument on review that the agency could have continued accommodating his inability to operate a GOV, and thus should not have removed him, unpersuasive. *Id*.

¶9 We have also considered the appellant's due process and harmful error arguments and discern no error with the administrative judge's findings that the appellant failed to prove either defense. ID at 9-12. We concur with the administrative judge that the appellant received notice and an opportunity to respond to the charge against him under chapter 75, and we agree that the

---

[3] We similarly find that the agency properly revoked the appellant's driving privileges under its motor vehicle operation policy upon learning of his guilty plea. *See Adams v. Department of the Army*, 105 M.S.P.R. 50, ¶ 10 (2007) (stating that when a charge is based on an employing agency's withdrawing or revoking a certification or approval of the employee's qualifications to hold his position, the Board's authority generally extends to a review of the merits of the withdrawal or revocation), *aff'd*, 273 F. App'x 947 (Fed. Cir. 2008); ID at 6-8.

appellant has failed to demonstrate he has a vested property interest in operating a GOV under the agency's motor vehicle operation policy that is subject to due process protections. *See Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 13 (2014) (explaining that a property interest subject to due process can be created by statutes or rules); ID at 10; IAF, Tab 8 at 56-66. The appellant, moreover, has failed to demonstrate that the agency erred in applying any of its procedural protections that likely had a harmful effect on his removal, and thus has failed to prove harmful procedural error. *See Goeke v. Department of Justice*, 122 M.S.P.R. 69, ¶ 7 (2015).

¶10    Finally, we have considered the appellant's challenge to the reasonableness of his removal, and we find no basis to disturb the agency's penalty determination. The administrative judge found that the deciding official conscientiously weighed all of the factors in considering the proposed penalty, including the seriousness of the charge, the appellant's inability to perform the functions of his position, and the availability of alternative sanctions, such as reassignment. ID at 13. The Board has found removal for failure to maintain a requirement of a position reasonable under similar circumstances. *See Penland*, 115 M.S.P.R. 474, ¶¶ 11-12; *Adams*, 105 M.S.P.R. 50, ¶ 19; *Benally*, 71 M.S.P.R. at 542. We defer to the administrative judge's factual findings that there existed no alternative positions to which the appellant could be transferred, and that the agency could not continue accommodating the appellant by having other employees drive the appellant around the district. *See Benally*, 71 M.S.P.R. at 540; ID at 13.

¶11    The appellant also challenges the administrative judge's consideration of his claim of disparate penalties. PFR, Tab 1 at 7. To prove a claim of disparate penalties, the appellant must first show that there is enough similarity between the nature of the misconduct and other relevant factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently. *See O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340,

¶ 21 (2016).  If the appellant meets this showing, the burden shifts to the agency to prove a legitimate reason for the difference in treatment by a preponderance of the evidence.  *Id.*

¶12       In her initial decision, the administrative judge conducted a detailed analysis of the appellant's claim of disparate penalties based upon four proffered comparators.  ID at 14-18.  On review, the appellant challenges the administrative judge's findings with regard to two of the comparators.[4]  PFR File, Tab 1 at 7.  Based on our review of the record, we agree with the administrative judge that one of the comparators, D.D., is not a similarly situated comparator because he voluntarily resigned from employment with the agency in 2007 following a motor vehicle accident and was rehired in 2013 after receiving his certification to operate a GOV based on an absence of disqualifying criminal offenses during the preceding 4-year period.   IAF, Tab 38 at 8-11;  ID at 17 (citing hearing testimony).  We concur with the administrative judge that the appellant did not meet his initial burden on his claim of disparate penalties with respect to comparator D.D.  ID at 17.

¶13       We find, however, that the appellant met his initial burden of proving a disparate penalties claim with respect to comparator M.F.   The record demonstrates that comparator M.F. was reassigned to a work location that did not require driving after being arrested for driving under the influence in 2007 and being disqualified from operating a GOV between 2010 and 2012.   ID at 15 (citing hearing testimony); IAF, Tab 39 at 15-16.   In finding comparator M.F. dissimilar from the appellant, the administrative judge explained that M.F. was a nonsupervisory employee, whereas the appellant was a supervisor; M.F. was assigned to a different work unit; and that the deciding official involved in the appellant's removal was not involved in making any decisions with regard to

---

[4] We agree with the reasons cited by the administrative judge in her initial decision that the appellant did not meet his initial burden of proving disparate penalties with regard to the remaining comparators.  ID at 16-17.

comparator M.F.  ID at 16.  Based on the similarity of the charges and the differing penalties imposed on M.F. and the appellant, however, we find that the appellant met his initial burden of demonstrating his claim of disparate penalties. *See Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 12 (2014).

¶14    We rely, however, on the reasons cited by the administrative judge in her initial decision in concluding that the agency has presented a legitimate reason for the differing treatment.  *See, e.g.*, *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶¶ 13-15 (2013) (concluding that the agency demonstrated a legitimate basis for imposing differing penalties).  Specifically, we agree that the appellant's supervisory status, the attenuation between M.F.'s reassignment in 2007 and the appellant's removal in 2015 (approximately 8 years), and the different agency officials involved in both cases provide a legitimate reason for the difference in penalties.  We additionally defer to the administrative judge's factual findings that the deciding official consistently imposed removal in similar cases in which he served as the deciding official, and that he considered reassigning the appellant but determined that there were no vacant positions into which the appellant could be transferred.  *See* ID at 13, 16.

¶15    We accordingly find that the agency did not subject the appellant to a disparate penalty in effecting his removal, and that the penalty of removal is otherwise reasonable under the circumstances of this case and should be affirmed. *See Davis*, 120 M.S.P.R. 457, ¶ 6 (finding that when all of the charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS[5]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

---

[5] Although the initial decision contains notice of mixed-case appeal rights, *see* ID at 22‒23, the appellant withdrew his discrimination affirmative defense during the hearing. Accordingly, in the absence of any discrimination claims, we provide the appellant proper non-mixed appeal rights to the U.S. Court of Appeals for the Federal Circuit. *See Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 12 (2013); ID at 9 n.3.

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.